United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51438
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1207-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Fernando Martinez was convicted by a jury on five counts of conspiracy and importation of more than five kilograms of cocaine, conspiracy and possession with intent to distribute more than five kilograms of cocaine, and making a false statement. The district court sentenced Martinez to 151 months in prison on the four conspiracy and cocaine counts and 60 months on the false statement count. All sentences were to be served concurrently.

Martinez argues that the district court erred in refusing the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following proposed jury instruction:

> Nervousness is a normal reaction to events that one does not understand. For that reason, general nervousness is not sufficient to show consciousness of guilt. In the absence of facts that suggest that the defendant's nervousness or anxiety derives from an underlying consciousness of criminal behavior, evidence of nervousness is insufficient to support a finding of guilty knowledge.

This court reviews the district court's refusal to give a jury instruction requested by the defense for abuse of discretion. United States v. John, 309 F.3d 298, 304 (5th Cir. 2002). "A court commits reversible error where (1) the requested instruction is substantially correct; (2) the requested issue is not substantially covered in the charge; and (3) the instruction 'concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense.'" Id. (citation omitted).

None of the three factors firmly support the general nervousness instruction. Martinez's requested charge was an incomplete statement of law with regard to nervousness because nervousness at an inspection station is among the circumstances that can be probative of guilty knowledge. United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990). The charge adequately instructed the jury on the requisite mental state because the language conveyed to the jury, at least in broad terms, that nervousness could be among the circumstances that indicate Martinez's state of mind. Contrary to Martinez's argument, the

2

evidence presented at trial suggested several connections between Martinez's nervousness and consciousness of guilt. United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). The existence of the substantial other evidence of guilty knowledge shows that the district court did not abuse its discretion by concluding that an instruction on general nervousness would not have been appropriate and that the absence of such an instruction did not seriously impair Martinez's ability to present a defense.

Martinez argues that his sentence was imposed illegally in light of the rule in United States v. Booker, 125 S. Ct. 738 (2005), for the first time on appeal. This court's review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No. 05-5556); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No. 04-9517).

After Booker, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." Valenzuela-Quevedo, 407 F.3d at 733. To satisfy the plain-error test in light of Booker, Martinez must demonstrate that his substantial rights were affected by the error. United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Contrary to Martinez's argument, there is nothing in the record indicating that the district court would have imposed a different sentence under an advisory Sentencing Guidelines scheme. United States v. Bringier,

3

405 F.3d 310, 317 n.4 (5th Cir. 2005), <u>cert. denied</u>, ___ S. Ct. ___ (Oct. 3, 2005) (No. 05-5535). Martinez argues that the application of the <u>Mares/Bringier</u> plain error standard is contrary to the plain error standard enunciated in <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004). Martinez's challenge to the showing required under <u>Mares</u> and <u>Bringier</u> is unavailing. <u>See</u> <u>United States v. Eastland</u>, 989 F.2d 760, 768 n.16 (5th Cir. 1993). Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. <u>See</u> <u>Mares</u>, 402 F.3d at 522.

AFFIRMED.